O

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FRANK CROSSWHITE,

Plaintiff,

v.

CATERPILLAR LOGISTICS SERVICES, a Delaware Corporation; KAREN PUCILLO, an individual; JAMES RALSTON, an individual; and DOES 1 through 20, inclusive,

Defendants.

Case No. EDCV 08-860-VAP (CWx)

**[Motion filed on July 31, 2008]**

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND THE CASE TO STATE COURT**

The Court has received and considered all papers filed in support of, and in opposition to, Plaintiff Frank Crosswhite's Motion to Remand the Case to State Court. The Motion is appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Court GRANTS the Motion and VACATES the hearing set for August 25, 2008, at 10 a.m.

## I. BACKGROUND

### A. Procedural Background

On April 22, 2008, Plaintiff Frank Crosswhite filed a Complaint in the California Superior Court for the County of San Bernardino against Defendants Caterpillar Logistics Services ("Caterpillar"), Karen Pacella[1], and James Ralston. The Complaint alleged the following claims:

(1) violation of the California Family Rights Act, California Government Code section 12945.2, against Defendant Caterpillar;

(2) failure to accommodate and engage in the interactive process, in violation of California Government Code section 12940, against Defendant Caterpillar;

(3) termination in violation of public policy, against Defendant Caterpillar; and

(4) defamation against all Defendants.

On June 27, 2008, Defendants filed a Notice of Removal ("Notice"), removing the case on the basis of diversity of citizenship under 28 U.S.C. section 1332. (Notice ¶ 6.) With respect to Defendants Pacella and Ralston, who Plaintiff alleged were California residents, the Notice contended their citizenship should be

---

[1]Defendants' Notice of Removal notes that Pacella was identified erroneously in the Complaint as "Karen Pucillo."

disregarded because they were fraudulently joined. (Notice ¶¶ 9-14.)

On July 31, 2008, Plaintiff filed a Motion to Remand the Case to State Court ("Motion" or "Mot."). Defendants filed Opposition ("Opp'n") on August 11, 2008. Plaintiff filed his Reply on August 18, 2008.

**B. Factual Background**

Plaintiff was employed by Defendant Caterpillar as a warehouse associate beginning on April 14, 2001. (Compl. ¶ 10.) In May 2007, Plaintiff suffered a workplace injury and was diagnosed with cervical neuropathy. (Compl. ¶ 12.) Plaintiff's physician restricted Plaintiff to "light duty," and Plaintiff provided documentation of this restriction to Defendant Pacella. (Compl. ¶ 13.) Plaintiff's supervisor, after consulting with Defendant Pacella, told Plaintiff Caterpillar could not accommodate his work restriction. (Id.) Plaintiff therefore did not return to work for 45 days, the period that his physician had limited his working capacity to "light duty." (Compl. ¶¶ 13-14.) When Plaintiff returned to work, Defendants Pacella and Ralston accused him of lying about his injury and disability, and terminated his employment. (Compl. ¶ 15.)

///

///

## II. LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §1441 et seq. The Ninth Circuit applies a strong presumption against removal jurisdiction, ensuring "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). Removal is inappropriate when the district court would not have original jurisdiction over the case. See 28 U.S.C. § 1441(a). A case shall be remanded when the court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c).

Where, as here, removal is premised on diversity of citizenship, the removing party must establish that the action is one between citizens of different states, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

///

///

///

///

## III. DISCUSSION

### A. Fraudulent Joinder

In their Notice, Defendants asserted that Defendant Caterpillar, a Delaware citizen, and Plaintiff Crosswhite, a California citizen, are diverse. (Notice ¶¶ 7-8.) Defendants further contended the citizenship of the admittedly non-diverse Defendants, Pacella and Ralston, should be disregarded for purposes of analyzing the existence of removal jurisdiction under the fraudulent joinder doctrine. (Notice ¶¶ 9-14.)

Where a plaintiff fails to state a claim against a resident defendant, the joinder is fraudulent and "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (quoting Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001)). See also McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

Defendants who assert that a plaintiff has joined a party fraudulently "carry a heavy burden of persuasion,"

as "[t]here is a presumption against finding fraudulent joinder." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1007 (N.D. Cal. 2001) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Thus, a court will find a party fraudulently joined only when "there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." Davis v. Prentiss Props. Ltd., Inc., 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999) (quoting Green v. Amerada Hess Corp., 707 F.2d 201, 205 (5th Cir. 1983)) (emphasis added); Hamilton Materials Inc. v. Dow Chem. Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) (stating defendant must prove "by clear and convincing evidence" that the plaintiff cannot prevail against the non-diverse defendant).

Here, Defendants argue that Plaintiff has failed to state a claim for defamation, the only claim brought against non-diverse Defendants Pacella and Ralston. The Complaint alleges that Defendants "negligently, recklessly, and intentionally cause[d] unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community expressly and impliedly accusing Plaintiff of being dishonest and lying about his injury and temporary

disability." (Compl. ¶ 37.) Defendants' Opposition confuses the standard for finding fraudulent joinder and the standard for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure, however.

A removing defendant may present evidence beyond the pleadings to carry its burden of showing fraudulent joinder. See Morris, 236 F.3d at 1068 ("[F]raudulent joinder claims may be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony.") (internal quotation and citation omitted). Here, Defendants attempt to argue that Plaintiff could not allege any set of facts supporting a right to relief merely by pointing to the absence of particular allegations in the Complaint. (Mot. at 7.) This is not sufficient to show by clear and convincing evidence that it is "not possible" for Plaintiff to prevail on his defamation claim. Hamilton Materials, 494 F.3d at 1206.

Defendants therefore have not foreclosed the possibility that Plaintiff could allege facts to prevail on his defamation claim. As a result, the California citizenship of Defendants Pacella and Ralston should not be ignored for purposes of determining whether the parties are diverse. When their citizenship is included

in the diversity analysis, this Court lacks removal jurisdiction in this case.

**B. Timeliness of Motion to Remand**

Defendants also argue that Plaintiff filed his Motion after the 30-day deadline set forth in the statute governing removal and remand. 28 U.S.C. § 1447(c); (Mot. at 2 n.1.). That statute provides, however, that a motion to remand must be made within 30 days of the filing of a notice of removal only when it is based on a "defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). A motion to remand made on the ground that the district court lacks subject matter jurisdiction may be made "at any time before final judgment." Id. Here, Plaintiff's Motion sought remand on the ground that diversity jurisdiction does not exist. Therefore, it was filed timely.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand the Case to State Court and REMANDS this action to the California Superior Court for the County of San Bernardino.

Dated: August 19, 2008

VIRGINIA A. PHILLIPS
United States District Judge